

Robert C. Furr, Boca Raton, Fla., for defendants/debtors.

Edmund Adamo, Pompano Beach, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come on to be heard upon a Complaint for Determination of Dischargeability of Debt filed herein and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The facts of this case are disputed. The plaintiff contends that the debtors engaged the services of his law firm to file a bankruptcy petition on an emergency basis to stay the Sheriff of Broward County from levying against office equipment on Mr. Kinsey's business premises. The parties dispute the sum of fees agreed to be paid to plaintiff for his services but there is no dispute that Mr. Kinsey met with members of the plaintiff's law office for the purpose of filing a bankruptcy petition and that at

**In re Theodore E. KINSEY and Joan G. Kinsey, Debtors.**

**Law Office of Howard P. ALTERMAN, Plaintiff,**

v.

**Theodore E. KINSEY and Joan G. Kinsey, Debtors.**

**Bankruptcy No. 83–00100–BKC–SMW. Adv. No. 83–0384–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

July 8, 1983.

that time Mr. Kinsey gave a check in the sum of $360.00 ($300.00 for attorney fees, $60.00 filing fee) to the plaintiff's office. The debtors contend that the check represented the total payment for plaintiff's services. Subsequently Mr. Kinsey stopped payment on the check on the grounds that he had terminated the plaintiff's employment due to his dissatisfaction with the quality of the plaintiff's services.

The plaintiff contends that the debtors never intended to pay the fees and as such obtained the services of the law firm under false pretenses making the liability for payment of the fees nondischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A).

Based on all the evidence the Court finds that the debtor, Mr. Kinsey, hired the plaintiff to prepare his bankruptcy filing on an emergency basis to stop a Sheriff's levy. The Court further finds that the debtor agreed to pay the plaintiff for his services but after an initial payment of $360.00 Mr. Kinsey was dissatisfied with the plaintiff's performance and decided to terminate his employment and stopped payment on his check.

The Court finds that the element of intent necessary to find that the services were obtained under false pretenses is absent and balancing the equities finds that the debt sought to be discharged is dischargeable with the exception of $60.00 representing the filing fee. The Court awards the plaintiff a total of $34.00 representing expenses incurred by the plaintiff in this lawsuit.